IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLETTE JENKINS,

Plaintiff,

-vs-

LL ATLANTA, LLC'S d/b/a OPERA
NIGHTCLUB
and MGAGE, LLC,

CASE NO.: 1:14-CV-2791

Defendants.
_____/

**PLAINTIFF, COLETTE JENKINS', STATEMENT OF ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S [DOC. 34] MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO MGAGE'S [DOC. 36] MOTION FOR SUMMARY JUDGMENT AND [DOC. 36-3] MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, COLETTE JENKINS, by and through her undersigned counsel, hereby files her Additional Statement of Facts in support of her [Doc. 34] Motion for Summary Judgment and in opposition to mGage's [Docs. 36 & 36-3] Motion for summary Judgment/Memorandum of Law, as follows:

1. On February 19, 2015, the parties agreed to and filed a [Doc. 22] Amended Joint Preliminary Report and Discovery Plan.

2. This Court entered an [Doc. 23] Order on the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan on February 23, 2015.

3. Pursuant to this Court's [Doc. 23] Order, the discovery period in this action commenced on March 2, 2015 and expired on July 30, 2015.

4. Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' agreed to exchange initial disclosures by March 9, 2015.

5. Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' set forth the subjects of which discovery may be needed and mGage failed to set forth any of the issues and/or facts which form the basis of mGage's [Docs. 36 & 36-3] Motion for summary Judgment/Memorandum of Law.

6. Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' set forth the legal issues to be tried and mGage failed to set forth any of the issues and/or facts which form the basis of mGage's [Docs. 36 & 36-3] Motion for summary Judgment/Memorandum of Law.

7. Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' set forth any pending related cases and/or an previously adjudicated related cases, and mGage agreed that the only pending related case applicable to this action was the case of

*Tiffany O'Shea v. LL Atlanta, LLC d/b/a Opera Nightclub*, CAFN 1:14-cv-01582-TCB, and further agreed that there were no previously adjudicated related cases.

8. mGage has not yet answered Plaintiff's Amended Complaint.

9. mGage has failed to serve any Rule 26 Initial Disclosures in this action, or supplements thereto.

10. Other than the applicable service agreements and amendments, the first time mGage served and/or produced the documents [Doc. 36-13, 36-14, and 36-16 through Doc. 36-24] which were filed by mGage as part of mGage's [Doc. 36-1] Notice of Filing of its Motion for Partial Summary Judgment During previous Ownership was contemporaneously with its Notice of Filing date August 31, 2015.

11. Plaintiff served mGage with Requests for Production which asked for "any contract or agreement between Co-Defendants related to the sending of text messages to "Plaintiff's cellular telephone number" during the relevant period," and documents [Doc. 36-13 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First set of Requests for Production to Defendant, Request/Response No. 2). The defined relevant period having been specifically defined by Plaintiff therein as *"Relevant time-period" or "relevant period" shall mean the period of August 1, 2013 to the*

*present date, or the date of the very last text sent by Defendant to Plaintiff's cellular telephone number (whichever occurred later).*

12. Plaintiff also asked for any documents or contracts which mGage contended authorized Defendant to place text messages to Plaintiff's cellular telephone number during the relevant period, and documents [Doc. 36-13, 36-14, and 36-16 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First set of Requests for Production to Defendant, Request/Response No. 4 & 5).

13. Plaintiff also asked for "all documents which identify the name, address, and telephone number of any person or entity Defendant knows or claims may be responsible and/or liable, in whole or in part, for the claims asserted against Defendant in this lawsuit," and documents [Doc. 36-13, 36-14, and 36-16 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First Set of Requests for Production to Defendant, Request/Response No. 21).

14. Plaintiff also asked for "all documents that support the factual basis of defendant's denial of any allegation alleged in Plaintiff's Complaint," or in support of any affirmative defenses, and documents [Doc. 36-13, 36-14, and 36-16 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015

Objections and Responses to Plaintiff's First set of Requests for Production to Defendant, Request/Response No. 25 & 26).

15. On March 25, 2015, Plaintiff served mGage with Plaintiff's Notice of taking Telephonic deposition Duces Tecum of Defendant, mGage, LLC which again asked for the production of the items set forth in Paragraphs eleven (11) through fourteen (14) herein; and same was objected/responded to by mGage via Defendant's Objections to Plaintiff Notice of Rule 30(b)(6) Deposition of mGage, LLC on May 27, 2015 (the day before Mr. Harvey Scholl's May 28, 2015 deposition). (See **Exhibit "B"** – Plaintiff's March 25, 2015 Rule 30(b)(6) Deposition Notice and mGage's May 27, 2015 Objections/Responses to same).

16. Mr. Scholl did not bring with him any documents to his deposition. (Depo. Scholl, p. 9 & 10).

17. Between the time period of January 4, 2014 through July 2, 2014, Defendants sent fifty-five (55) non-emergency text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4).

16. Defendants' received Plaintiff's January 18, 2014 reply text message asking Defendants to stop sending text messages, but Defendants continued to send an additional fifty-one (51) non-emergency text messages to Plaintiff's cellular

telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4).

17.     Defendants received Plaintiff's February 26, 2014 and June 25, 2014 reply text messages asking Defendants to stop sending text messages, but Defendants continued to send additional non-emergency text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5th October, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants: Hayden Pace, Esq., Stokes, Wagner, Hunt, Maretz & Terrell, 3593 Hemphill Street, Atlanta, GA 30337; Peter F. Schoenthaler, Esq., Peter F. Schoenthaler, PC, 3350 Riverwood Parkway, Suite 1900, ATL, GA 30339.

/s/ Madeleine N. Simmons
Madeleine N. Simmons, Esquire
GA Bar # 822807
191 Peachtree Street, Suite 4200
P.O. Box 57007
Atlanta, GA 30343
Telephone (404) 965-8811
Fax (404) 965-8812
msimmons@forthepeople.com

and

Michael J. Vitoria, Esquire
FL Bar # 0135534
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
mvitoria@ForThePeople.com
Attorneys for Plaintiff

7