IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLETTE JENKINS,

Plaintiff,

-vs-

LL ATLANTA, LLC'S d/b/a OPERA
NIGHTCLUB
and MGAGE, LLC,

CASE NO.: 1:14-CV-2791

Defendants.
_____/

**PLAINTIFF, COLETTE JENKINS', MOTION TO STRIKE:  (a) MGAGE'S [DOC. 36] MOTION FOR SUMMARY JUDGMENT, (b) MGAGE'S [DOC. 36-2] STATEMENT OF UNDISPUTED MATERIAL FACTS PERTAINING TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY DURING PREVIOUS OWNERSHIP, (c) MGAGE'S [DOC. 36-3] MEMORANDUM OF LAW, AND (d) MGAGE'S [DOCs. 36-13 THROUGH 36-24] of MGAGE'S [36-1] NOTICE OF FILING**

**AND/OR ALTERNATIVELY,**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MGAGE'S MGAGE'S [DOC. 36] MOTION FOR SUMMARY JUDGMENT AND MGAGE'S [DOC. 36-3] MEMORANDUM OF LAW**

Plaintiff, COLETTE JENKINS, by and through her undersigned counsel, hereby files her Motion to Strike mGage's [Docs. 36, 36-2, and 36-3] and/or, in the alternative, her Response in Opposition to mGage's [Doc. 36] Motion for Summary

Judgment and [Doc. 36-3] Memorandum of Law regarding liability during previous ownership, as follows:

I.      **Factual Background:**

   1.   On February 19, 2015, the parties agreed to and filed a [Doc. 22] Amended Joint Preliminary Report and Discovery Plan.

   2.   This Court entered an [Doc. 23] Order on the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan on February 23, 2015.

   3.   Pursuant to this Court's [Doc. 23] Order, the discovery period in this action commenced on March 2, 2015 and expired on July 30, 2015.

   4.   Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' agreed to exchange initial disclosures by March 9, 2015.

   5.   Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' set forth the subjects of which discovery may be needed and mGage failed to set forth any of the issues and/or facts which form the basis of mGage's [Docs. 36 & 36-3] Motion for summary Judgment/Memorandum of Law.

   6.   Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' set forth the legal

issues to be tried and mGage failed to set forth any of the issues and/or facts which form the basis of mGage's [Docs. 36 & 36-3] Motion for summary Judgment/Memorandum of Law.

7. Pursuant to the parties' [Doc. 22] Amended Joint Preliminary Report and Discovery Plan and this Court's [Doc. 23] Order, the parties' set forth any pending related cases and/or an previously adjudicated related cases, and mGage agreed that the only pending related case applicable to this action was the case of *Tiffany O'Shea v. LL Atlanta, LLC d/b/a Opera Nightclub,* CAFN 1:14-cv-01582-TCB, and further agreed that there were no previously adjudicated related cases.

8. mGage has not yet answered Plaintiff's Amended Complaint.

9. mGage has failed to serve any Rule 26 Initial Disclosures in this action, or supplements thereto.

10. The first time mGage served and/or produced the documents [Doc. 36-13 through Doc. 36-24] which were filed by mGage as part of mGage's [Doc. 36-1] Notice of Filing of its Motion for Partial Summary Judgment During previous Ownership (other than the service agreement and a November 5, 2013 email ([Doc. 36-15]) which mentioned that a company, GSO, was acquiring Velti, Inc.'s and Air2Web, Inc.'s business lines) was contemporaneously with its Notice of Filing date August 31, 2015.

11.     Plaintiff served mGage with Requests for Production which asked for "any contract or agreement between Co-Defendants related to the sending of text messages to "Plaintiff's cellular telephone number" during the relevant period," and documents [Doc. 36-13 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First set of Requests for Production to Defendant, Request/Response No. 2). The defined relevant period having been specifically defined by Plaintiff therein as *"Relevant time-period" or "relevant period" shall mean the period of August 1, 2013 to the present date, or the date of the very last text sent by Defendant to Plaintiff's cellular telephone number (whichever occurred later).*

12.     Plaintiff also asked for any documents or contracts which mGage contended authorized Defendant to place text messages to Plaintiff's cellular telephone number during the relevant period, and documents [Doc. 36-13 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First set of Requests for Production to Defendant, Request/Response No. 4 & 5).

13.     Plaintiff also asked for "all documents which identify the name, address, and telephone number of any person or entity Defendant knows or claims may be responsible and/or liable, in whole or in part, for the claims asserted against

4

Defendant in this lawsuit," and documents [Doc. 36-13 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First Set of Requests for Production to Defendant, Request/Response No. 21).

14. Plaintiff also asked for "all documents that support the factual basis of defendant's denial of any allegation alleged in Plaintiff's Complaint," or in support of any affirmative defenses, and documents [Doc. 36-13 through Doc. 36-24] were not produced. (See **Exhibit "A"** - mGage's May 27, 2015 Objections and Responses to Plaintiff's First set of Requests for Production to Defendant, Request/Response No. 25 & 26).

15. On March 25, 2015, Plaintiff served mGage with Plaintiff's Notice of taking Telephonic deposition Duces Tecum of Defendant, mGage, LLC which again asked for the production of the items set forth in Paragraphs eleven (11) through fourteen (14) herein; and same was objected/responded to by mGage via Defendant's Objections to Plaintiff Notice of Rule 30(b)(6) Deposition of mGage, LLC on May 27, 2015 (the day before Mr. Harvey Scholl's May 28, 2015 deposition). (See **Exhibit "B"** – Plaintiff's March 25, 2015 Rule 30(b)(6) Deposition Notice and mGage's May 27, 2015 Objections/Responses to same).

16. Mr. Scholl did not bring with him any documents to his deposition. (Depo. Scholl, p. 9 & 10).

17. During his May 28, 2015 deposition, Mr. Scholl gave the following testimony:

    Q. And how long has Opera been a client of mGage?
    A. I believe since 2010. (Depo. Scholl, p. 13, l. 21-23).
    …
    Q. All right. And you mentioned that mGage relatively recently has undergone some restructuring. What type of restructuring is it undergoing?
    A. Back in late 2013 it went through bankruptcy.
    Q. And is it out of bankruptcy?
    A. It is out of bankruptcy. It's still something of a distressed asset, though.
    Q. Is mGage, LLC still in existence?
    A. It is.
    Q. And is it still operating?
    A. It is.
    Q. And is it still performing the platform services for Opera?
    A. It is. (Depo. Scholl, p. 15, l. 11-25; p. 16, l. 1).

17. Between the time period of April 19, 2013 through July 2, 2014, Defendants sent a total of one hundred forty-nine (149) non-emergency text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent. (Depo. Scholl, pp. 49, 53-55; Scholl Depo. Exs. 3-5; Depo. Jenkins, p. 7, l. 17-23 & p. 55).

18. Between the time period of January 4, 2014 through July 2, 2014, Defendants sent fifty-five (55) non-emergency text messages to Plaintiff's cellular

6

telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4).

19.     Defendants' received Plaintiff's January 18, 2014 reply text message asking Defendants to stop sending text messages, but Defendants continued to send an additional fifty-one (51) non-emergency text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4).

20.     Defendants received Plaintiff's February 26, 2014 and June 25, 2014 reply text messages asking Defendants to stop sending text messages, but Defendants continued to send additional non-emergency text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4).


## II.   <u>Plaintiff's Motion to Strike and for Sanctions</u>

COMES NOW the Plaintiff, by and through her undersigned counsel, and hereby files her Motion to Strike and for Sanctions pursuant to Fed. R. Civ. P. 26 and 37, and as grounds therefore would state:

1.      Fed. R. Civ. P. 26(a)(ii), required mGage to provide Plaintiff with "a copy – or description by category and location – of all documents, electronically

stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

    2.      mGage failed to serve any Rule 26 Initial Disclosures in this action.

    3.      Fed. R. Civ. P. 26(e)(1)(A) imposed a duty upon mGage to supplement its disclosures and/or its discovery responses"… in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

    4.      While counsel for mGage, via email dated April 21, 2015 concerning mGage's discovery responses, stated,

> "Mike:
>
> Per our conversation, please see the agreement with Opera. You will see the agreement is with Air2Web. If you didn't know, mGage purchased Air2Web's assets out of Chapter 11 bankruptcy in approximately January 2014. I do not know how Social Study Media, LLC is, but I do know that the attached is the Opera agreement.
>
> I have not bates labeled at this point because I am out of town and wanted to get them to you. Also below are links to best practices referenced in the agreement.

> http://www.mmaglobal.com/files/uploads/Consumer-Best-Practices.pdf
> http://wmcglobal.com/media/CTIA-Short-Code-Monitoring-Handbook-v1.4.1.pdf
>
> My client is actively working on gathering responsive documents and materials and we will supplement the discovery responses appropriately. I hope I adequately explained that the process is a cumbersome one, but I assure you we are working on it."...

mGage failed to produce the of the documents (i.e. [Doc. 36-13 through Doc. 36-14 and Doc. 36-16 through Doc. 36-24]), which mGage relies upon for its Motion for Summary Judgment as to prior ownership.

    5.    Coupled with this non-production is the fact that Mr. Scholl, mGage's designated corporate representative pursuant to Rule 30(b)(6), <u>subsequently</u> testified that mGage and Opera had the subject client relationship which resulted in the text messages being sent to Plaintiff <u>since 2010</u>, and that mGage had been in bankruptcy in 2013, but was now out of bankruptcy. (Depo. Scholl, pp. 13-16).

    6.    Mr. Scholl would have had direct firsthand knowledge of all of the facts and issues set forth in mGage's [Doc. 36, 36-3, & 36-13-36-24] Motion/Memorandum/Notice of Filings, as Mr. Scholl testified that he was the has "… been with the company in various entities and roles, similar roles, since October of 2008." (Depo. Scholl, p. 6, l. 1-9). In fact, Air2Web, Inc. was the

9

company that he began employment with in 2008, and is today called mGage. (Depo. Scholl, p. 15, l. 4-10).

7. Fed. R. Civ. P. 37(c), provides that an appropriate sanction for a parties failure to disclose or supplement the disclosures required by Rule 26(a) or 26(e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

8. Additionally, Fed. R. Civ. P. 37(c), provides that an appropriate sanction for a parties failure to disclose or supplement the disclosures required by Rule 26(a) or 26(e), could include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Such orders include, amongst other things, the striking pleadings in whole or in part and/or prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence. See also, *SCQuARE Intern, Ltd. v. BBDO Atlanta, Inc.*, 2008 WL 228032 (N.D. Ga Jan. 25, 2008).

9. The matters set forth in mGage's recent [Doc. 36, 36-3, & 36-13-36-24] Motion/Memorandum/Notice of Filings simply have never been produced to Plaintiff before August 31, 2015 (after the 7/30/15 discovery cut-off), despite specific discovery requests and 30(b)(6) depositions notices. Mr. Scholl would

have had firsthand knowledge of these matters, yet failed to provide any such documents at his deposition. There is no justification for this non-disclosure, especially in light of mGage's failure to serve Plaintiff with any Rule 26 Initial Disclosures, or supplements thereto.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Court enter an Order striking, as sanctions, mGage's recent [Doc. 36, 36-3, & 36-13-36-24] Motion/Memorandum/Notice of Filings, and from using that information to supply evidence on its [Doc. 36] Motion for Summary Judgment, and for such other and further relief as appears to this court to be just and proper in the premises, including the denial of mGage's [Doc. 36] Motion for Summary Judgment so based on this evidence.

### III. Plaintiff's, in the Alternative, Response in Opposition to mGage's [Doc. 36] Motion for Summary Judgment as to Liability During Previous Ownership

Plaintiff, COLLETTE JENKINS, by and through her undersigned counsel, and in the alternative to the relief sought in Plaintiff's Motion to Strike incorporated herein, hereby responds in opposition to Defendant, mGage's, [Doc. 36 & 36-3] Motion for Summary Judgment/Memorandum of Law as to Liability During Previous Ownership, and would state as follows:

11

1.  Should this Court decide not to grant the relief requested by Plaintiff in Plaintiff's Motion to Strike and for Sanction set forth herein, then it still cannot be refuted by mGage that it is responsible for conduct that occurred from January 4, 2014 until July 2, 2014, when the last text message was sent.

2.  Over that period of time, Defendants sent fifty-five (55) non-emergency text messages to Plaintiff's cellular telephone number without Plaintiff's prior express consent. (See **Exhibit "C"** - Scholl Depo Ex. # 4). Statutory damages at $500.00 per text message for those 55 text messages would yield the sum of $27,500.00. Should this Court find that these text messages were sent willfully or knowingly, then statutory treble damages for this 55 text messages would yield the sum of $82,500.00.

3.  As to the issue of whether these text messages were sent willfully or knowingly, mGage was aware of and simply ignored reply text messages sent by Plaintiff on January 18, 2014, February 26, 2014 and June 25, 2014, which mGage received, asking for its text messages to stop. (Scholl Depo. Exs. 3-5). Interestingly, mGage and Opera's business relationship extended as far back as 2010 per the testimony of Mr. Scholl. (Depo. Scholl, p. 13, l. 21-23). Mr. Scholl, himself, has been with the company in various entities and roles since as far back as 2008. (Depo. Scholl, p. 6, l. 1-9). In fact, Air2Web, Inc. was the company that

he began employment with in 2008, and is today called mGage. (Depo. Scholl, p. 15, l. 4-10).

Accordingly, mGage cannot disclaim its prior knowledge of each and every time, prior to January 4, 2014, that it knew Plaintiff had asked for the text messages to stop. In addition to Mr. Scholl, it appears that both mGage and at least the entity referred to as Velti, employed the following same employee, Shijo George (email gshilo@mgage.com and gshilo@velti.com), who was employed by Velti in April of 2013 and who held the position of Project Executive for mGage in March of 2014 (all throughout the relevant period of text messages sent to Plaintiff) and who corresponded with Opera's Rosanna Penaflorida throughout. (See **Composite Exhibit "A"** – Opera's Production Response Doc. Bates No. "DEF 0002" and mGage's Production Response Doc. Bates Nos. "mGage 0201" & "mGage 0287").

WHEREFORE, based on the foregoing, mGage's [Doc. 36] Motion for Summary Judgment should be denied as to the issue of liability during previous ownership. However, even if granted, judgment should still be entered in favor of Plaintiff against mGage for the sum of $27,500.00 (i.e. $500.00/text x 55 text messages = $27,500.00), but if this Court should find that these text messages were sent willfully or knowingly, then judgment in favor of Plaintiff against mGage for

statutory treble damages in the amount of $82,500.00 (i.e. $1,500/text message x 55 text messages = $82,500.00).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5TH October, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants: Hayden Pace, Esq., Stokes, Wagner, Hunt, Maretz & Terrell, 3593 Hemphill Street, Atlanta, GA 30337; Peter F. Schoenthaler, Esq., Peter F. Schoenthaler, PC, 3350 Riverwood Parkway, Suite 1900, ATL, GA 30339.

/s/ Madeleine N. Simmons
Madeleine N. Simmons, Esquire
GA Bar # 822807
191 Peachtree Street, Suite 4200
P.O. Box 57007
Atlanta, GA 30343
Telephone (404) 965-8811
Fax (404) 965-8812
msimmons@forthepeople.com

and

Michael J. Vitoria, Esquire
FL Bar # 0135534
Morgan & Morgan, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505

_____
mvitoria@ForThePeople.com
Attorneys for Plaintiff