IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLLETTE JENKINS<br><br>Plaintiff,<br><br>v.<br><br>LL ATLANTA, LLC d/b/a OPERA NIGHT CLUB and MGAGE, LLC,<br><br>Defendants. | Civil Action No.: 1:14-cv-2791 |

## DEFENDANT MGAGE, LLC'S REPLY TO PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION MGAGE, LLC'S AND LL ATLANTA'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant mGage, LLC (hereinafter "mGage"), by and through counsel and pursuant to LR 56.1(A), and respectfully submits this Reply to Plaintiff Collette Jenkins' Response in Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment on Intentionality. *See* Docket No. 44.

## INTRODUCTION

Defendants' Motion for Summary Judgment should be granted because

1

Plaintiff has failed to provide evidence indicating a genuine factual issue for trial with respect to whether mGage's equipment is an automatic telephone dialing system ("ATDS"). Instead, Plaintiff simply sets forth unsupported conclusory statements that have no bearing on the veracity of Defendants' evidence in support of its motion for summary judgment.

## REPLY

**1. Plaintiff has failed to set forth any facts that indicate a genuine material issue for trial with respect to whether mGage's equipment is an ATDS.**

Summary judgment is appropriate under Rule 56(c) when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c). In their opening brief, Defendants met their burden on summary judgment by demonstrating that there is an absence of evidence to support Plaintiff's contention that Defendants used an ATDS. *See* Docket Nos. 37 and 37-1. In her Response Brief, Plaintiff had the obligation to set forth specific facts creating a genuine material issue for trial. *See* FED. R. CIV. PRO. 56(e). Plaintiff has failed to do so.

Instead, Plaintiff makes unsupported conclusory statements that have no bearing on the veracity of Defendants' evidence that Defendants equipment is not

an ATDS.  For example, Plaintiff states, "Here, the FCC has ruled that the type of text messaging system used by Defendants is an ATDS under the TCPA". Docket No. 44, p. 3.  Plaintiff neither cites to neither a portion of any FCC ruling declaring that mGage's equipment is an ATDS nor any portion setting forth an example of an ATDS that is the same as mGage's equipment.  [See Docket No. 44, p. 3 citing Docket 39-1, p. 26, ¶¶ 108-112].  Nor does Plaintiff cite to <u>evidence</u> in the record supporting its assertion.

      Instead, the paragraphs of the FCC's most recent ruling cited by Plaintiff involve "Internet to phone" text messages wherein telephone numbers are stored *en masse* and then associated with domain names assigned by each of the wireless carriers. Here, there is no evidence in the record that Plaintiff's telephone number was associated with a domain name assigned by her wireless carrier in the record. *See id.*  Plaintiff has t failed to show any *evidence* linking its citations to the mGage equipment and has failed to show the relevance of such citations through evidence in the record and has, therefore, failed to set forth any fact indicating a genuine issue for trial.

      Plaintiff also provides a conclusory statement, without asserting additional facts indicating a genuine issue for trial in her response, by asserting that the FCC concluding in its recent order that Air2Web, Inc.'s equipment and Textmunication,

3

Inc's equipment, **combined**, can be deemed an autodialer if, "the net result of such voluntary combination enables the equipment to have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." [Docket No. 39-1, p. 8, ¶ 24]. Plaintiff then connects this statement to the instant matter by acknowledging that Air2Web was the original party to the "Application and Service Agreement" with Opera. [Docket No. 44, p. 11]. This is insufficient to rebut Defendants' evidence submitted on summary judgment.

There is no evidence in the record that Air2Web and mGage utilize the same equipment. There is no evidence in the record indicating that even if Air2Web and mGage utilized some of the same equipment and system, that that same equipment and system was both utilized in connection with this case and/or the equipment and system analyzed by the FCC in its 2015 Order. Lastly, there is no evidence in the record that mGage combined its equipment with that of Textmunication, or any other party, that allegedly sent the text messages involved in this litigation. Therefore, once again, Plaintiff has failed to set forth any fact indicating a genuine issue for trial.

Finally, Plaintiff contends that "Defendants urge this Court to adopt the analysis of *Luna*, but in doing so, ask this court to ignore the 2015 FCC Order."

4

This unsupported and conclusory statement is a bit more complex to take apart in that Plaintiff attempts to obfuscate a point of law in order to appear as if it is raising issues of material fact for trial; a goal in which plaintiff does not succeed. First, Defendants cited to *Luna* for precisely the opposite reason as that cited by Plaintiff. [*See* Docket No. 37-2, *See also* Docket No. 37-1, p. 17 ("The *Luna* decision is particular persuasive because the *Luna* Court, granting summary judgment on this basis, determined as a matter of law that the equipment at issue did not constitute an ATDS because the text messages were sent as the result of human intervention in the delivery process . . . subsequent to the Federal Communication Commission's most recent Ruling and Declaratory Judgment issued in July of 2015.")]. In addition to confusing the implications of *Luna* and reading human intervention out of the ATDS analysis in light of the FCC's 2015 Order, Plaintiff lists five examples of alleged human intervention, which may occur even where a system is considered to be an ATDS. Plaintiff's Brief, pp. 8-9. Unsurprisingly, none of these examples appear to be the type of human intervention shown by Defendants and supported by the record in their motion for summary judgment. [*See* Docket No. 44, p. 8-9, *See also* Docket No. 37-1, p. 18].[1]

---

[1] Plaintiff also attempts to raise a material issue of fact for trial by alleging that numbers would get onto Opera's lists automatically after an individual had texted a particular word to Opera's short code. This claim does not demonstrate any

Accordingly, Plaintiff has failed to set forth any fact indicating a genuine issue for trial.

## CONCLUSION

mGage respectfully moves this Court for an Order for granting Defendants' Motion for Summary Judgment because Defendants have shown that there is an absence of evidence to support Plaintiff's contention that Defendants' used an ATDS and Plaintiff has failed to set forth any facts demonstrating a material issue for trial.

This 26th day of October, 2015.

                              SCHOENTHALER LAW GROUP

                              /s/ Lauren M. Simons
                              Peter F. Schoenthaler
                              Georgia Bar No. 629789
                              Lauren M. Simons
                              Georgia Bar No. 410927
                              SCHOENTHALER LAW GROUP

---

material issue for trial for two reasons. First, the act of a human texting a keyword to Opera's short code is an act of human intervention. *See McKenna v. WhisperText*, 2015 WL 428728, at * 3-5 (N.D. Cal. Jan. 30, 2015)(holding at the pleading stage that Defendant's system could not be an ATDS where it only sent SMS invitational messages upon the user's affirmative intervention). Second, Harvey Scholl testified that Opera would upload the list of numbers to mGage's web-based tool. *See* Docket No. 37-3, ¶78.

        400 Interstate N. Parkway, Suite 1500
        Atlanta, Georgia 30339
        pfs@pfslawgroup.com
        lms@pfslawgroup.com
        Tel: (404) 855-3315
        Fax: (404)891-6120

        *Attorneys for Defendant mGage, LLC*

## Page and Type Certification

Pursuant to LR 7.1D, N.D. Ga., counsel certifies that this reply brief has been prepared with one of the font and point selections approved by the Court in LR 5.1B.

        SCHOENTHALER LAW GROUP

        /s/ Lauren M. Simons
        Peter F. Schoenthaler
        Georgia Bar No. 629789
        Lauren M. Simons
        Georgia Bar No. 410927
        SCHOENTHALER LAW GROUP
        400 Interstate N. Parkway, Suite 1500
        Atlanta, Georgia 30339
        pfs@pfslawgroup.com
        lms@pfslawgroup.com
        Tel: (404) 855-3315
        Fax: (404)891-6120
        Attorneys for Defendant mGage, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2015, I electronically filed DEFENDANT MGAGE, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION MGAGE, LLC'S AND LL ATLANTA'S MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system and via email pursuant to agreement by the parties to the following attorneys of record:

> Madeleine N. Simmons, Esq.
> Morgan & Morgan Atlanta, PLLC
> 191 Peachtree Street, Suite 4200
> P.O. Box 57007
> Atlanta, GA 30343
> Tel: 404.965.8811
> Fax: 404.965.8812
>
> Michael J. Vitoria, Esquire
> *Admitted Pro Hac Vice*
> Morgan & Morgan, Tampa, P.A.
> One Tampa City Center Tampa, FL 33602
> Tel: (813) 223-5505
> Fax: (813) 223-5402
> MVitoria@ForThePeople.com
> afloyd@forthepeople.com
>
> *Counsel for Plaintiff*
>
> Hayden R. Pace, Esq.
> Jordan D. Arkin, Esq.
> STOKES WAGNER HUNT LLC
> MARETZ & TERRELL
> 1201 West Peachtree Street NW
> Tel: (404) 766-0076
> Fax: (404) 766-8823

*Counsel for Co-Defendant LL Atlanta*

Dated: October 26, 2015            /s/ Lauren M. Simons
                                   Lauren M. Simons